UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

          v.

AZZEAZ SALEH,

                  Defendant.

DECISION AND ORDER
99-CR-131A

Currently before the Court is the motion of defendant Azzeaz Saleh, pursuant to Rule 10(e) of the Federal Rules of Appellate Procedure, for correction of the record on appeal. The government opposes the motion.

Rule 10(e) provides:

(1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.

(2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:

    (A) on stipulation of the parties;

    (B) by the district court before or after the record has been forwarded; or

    (C) by the court of appeals.

The rule does not require that the district court hold an evidentiary hearing, only that it consider and settle the dispute. United States v. Brika, 416 F.3d 514, 530 (9th Cir. 2005). When the court "settles a dispute about what occurred in

proceedings before it, the court's determination is conclusive unless intentionally false or plainly unreasonable . . . because '[u]ltimately the [District] Court has direct knowledge of what the parties [stated in the] case and of what the Court's own general procedures are.' "  United States v. Hernandez, 227 F.3d 686, 695 (6th Cir.2000) (quoting United States v. Barrow, 118 F.3d 482, 488 (6th Cir.1997)).  Furthermore, the official transcript of a case is considered "prima facie a correct statement of the testimony taken and proceedings had."  28 U.S.C. § 753(b).

      Here, defendant contends that the record omits the fact that during the trial in this case, on some unspecified date, his defense counsel, Matthew Pynn, Esq., was about 20 minutes late returning from the luncheon recess and the trial recommenced without his presence.  In support of his motion, defendant has filed an affidavit from Mr. Pynn in which he admits that he was late one day returning from lunch, but does not state the specific date.

      In opposing the motion, the government has submitted an affidavit from Special Agent Steven Dickey, the case agent, in which he states that he recalls Mr. Pynn "coming in late at one point during the trial."  Agent Dickey, however, like Mr. Pynn, has no recollection of the date.

      The Court must deny defendant's request to correct the record because he has not established the specific date and time that Mr. Pynn came back late.  As stated above, under Rule 10(e), an omission in the record can be corrected only if the omission is material.  Mr. Pynn's tardy arrival would be material only if he were absent at a "critical" stage of the trial.  See United States v. Olano, 62 F.3d 1180, 1193 (9th Cir. 1995) (citing United States v. Cronic, 466 U.S. 648 (1984).  Without a specific date and

time (or perhaps the identity of the witness who was testifying during his absence), the Court cannot determine whether the omission is material.

Accordingly, the Court denies defendant's motion, without prejudice. If defendant develops further evidence as to the timing of Mr. Pynn's late return, he may again move to correct the record.

IT IS SO ORDERED.

/s/ Richard J. Arcara
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: May 26, 2006