UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                 DECISION AND ORDER
   v.                 99-CR-131A

AZZEAZ SALEH,

      Defendant.

---

   Currently before the Court is the second motion of defendant Azzeaz Saleh, pursuant to Rule 10(e) of the Federal Rules of Appellate Procedure, for correction of the record on appeal. By Decision and Order filed May 26, 2006, the Court denied, without prejudice, defendant's first motion to amend the record. The May 26th Decision and Order is hereby incorporated by reference, and familiarity therewith is presumed.

   In support of his second motion, defendant has submitted two additional affidavits from his former trial counsel, Matthew Pynn, Esq., in which Mr. Pynn states that he now recalls that the exact date he was late returning from lunch was February 13, 2004. In the first affidavit, he states that he was about twenty minutes late, and in the second, he states that he was slightly less than thirty minutes late.

   The Court has no independent recollection of Mr. Pynn ever returning late from lunch or of him not being present at any point during the trial. It is obviously the Court's usual practice to make sure that all counsel are present before resuming the trial. Mr. Pynn never made his absence known to the Court during the trial. The first

time that the Court was made aware of his absence was by the filing of the instant motions to amend the record.  The Court does note, however, that during this trial, the well of the courtroom, as well as the gallery, was quite full of people.  There were five defendants on trial and each was represented by counsel, and in one instance, by multiple counsel.   One of the defendants also needed an interpreter who was present throughout the trial.  There was also present numerous United States Marshals and security personnel in the courtroom.  In addition, a large number of family members of the defendants attended every day of the trial.  In light of these circumstances, it is possible that the Court could have been unaware of Mr. Pynn's absence and his late return.

The Court has conducted a review of its own records, including the records of its former court reporter who was present throughout the trial, but has found no indication of Mr. Pynn not being present on the day in question.  The Court asked the government to contact other defense counsel who were present to ascertain whether any of them had any recollection of Mr. Pynn returning late from lunch, but the response was negative.  It does not appear that an evidentiary hearing on this issue would develop any further information or serve any useful purpose.

Based on Mr. Pynn's sworn affidavits and the affidavit of Special Agent Steven Dickey, the case agent, in which he states that he recalls Mr. Pynn "coming in late at one point during the trial," the Court grants defendant's motion to correct the record so as to indicate that on February 13, 2004, defendant's counsel, Mr. Pynn, returned approximately twenty minutes late from the luncheon recess and that the trial proceeded in his absence.

The Court notes that the only testimony relevant to the defendant that Mr. Pynn appeared to have missed was government witness Linda Mohawk's identification of the defendant from video tape recordings taken by in-store surveillance cameras at Roseine's Smoke Shop.  It is undisputed that: (1) Mr. Pynn was provided with these video tape recordings prior to trial; (2) when he returned late from lunch, he was made aware that Ms. Mohawk had made such an identification; and (3) he had an opportunity to cross-examine Ms. Mohawk regarding her identification testimony.

IT IS SO ORDERED.

           /s/ *Richard J. Arcara*
           HONORABLE RICHARD J. ARCARA
           CHIEF JUDGE
           UNITED STATES DISTRICT COURT

DATED: November 8 , 2006